# Webb's Estate.

*Decedents' estates—Contract—Executors and administrators—Distribution.*

Where an administratrix as such pays a portion of a bill of an expert accountant, and it is agreed between them that the accountant shall present his claim for the balance against the estate and that the administratrix shall not be held personally responsible therefor, the administratrix cannot object to the payment of the balance out of the estate merely because she is the sole distributee thereof.

Argued Dec. 12, 1906. Appeal, No. 236, Oct. T., 1906, by Mary J. Webb, Administratrix, from decree of O. C. Phila. Co., Jan. T., 1902, No. 76, dismissing exceptions to adjudication in Estate of Elisha Webb, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to adjudication.

In addition to the facts stated in the opinion of the Superior Court it appeared that the audit company gave to the administratrix the following receipt:

42          WEBB'S ESTATE.

Statement of Facts—Opinion of the Court. [33 Pa. Superior Ct.

"Philadelphia, October 28, 1903.

"Received of Mrs. Mary J. Webb Five Hundred 00-100 Dollars for services rendered in examination of books of Elisha Webb & Son. It being understood that the balance of my claim for services, to wit, $400, shall be presented against the estate of Elisha Webb, Sr., and I agree not to hold Mrs. Webb individually responsible for said balance and further agree to release her as administratrix if she is surcharged with my bill to the extent of $400.

> "The U. S. Audit Company,
>> "Peter Ballingall,
>>> "President."

*Errors assigned* were in dismissing exceptions to adjudication.

*George J. Edwards, Jr.*, with him *Franklin L. Lyle*, for appellant, cited: Grier v. Huston, 8 S. & R. 401; Seip v. Drach, 14 Pa. 352; Dougherty v. Stephenson, 20 Pa. 210; Smith v. Teacle, 8 Pa. C. C. Rep. 150; Williamson's App., 94 Pa. 231; Miller's App., 18 W. N. C. 485.

*Thomas McConnell, Jr.*, with him *J. Henry Williams*, for appellee.

Opinion by Rice, P. J., February 25, 1907:

These facts are undisputed: that the United States Audit Company, the appellee, was employed by the administratrix of the decedent's estate to investigate the books and accounts of the firm of which the decedent was a member at the time of his death, for the purpose of ascertaining the value of his interest therein; that the company rendered the services for which they were employed; that they were reasonably worth the amount claimed; and that the administratrix paid $500 on account of the claim, it being expressly stipulated in the receipt given by the company and accepted by the administratrix that the balance of the claim should be presented against the estate of the decedent, and that the administratrix should not be held personally responsible therefor. The balance for distribution in the hands of the administratrix upon the adjudi-

cation of her account, after deducting certain costs, another small claim, and the claim in question, was awarded by the court to her in her individual right. She complains on this appeal of the allowance of the appellee's claim, and through her counsel insists, first, that she had no power in her capacity as administratrix to bind the estate by the contract under which the company was employed; second, that owing to her release, in the manner above described, from the personal liability which she created, there remains no claim which upon equitable principles can be enforced through her against the estate, because of the principle that where the person primarily liable is released equity will not enforce the claim against the estate which is secondarily liable. In order to accomplish this result it is necessary to get rid of the stipulation upon which the release was given, namely, that the claim should be presented against the estate; and this compels her to take the further position that she could not bind the estate by such undertaking. Be it so, she could nevertheless bind herself, and as she is the only person affected by the allowance of the claim, there is no principle, legal or equitable, which requires us to make a decree whereby she will profit personally by a repudiation of her undertakings. The court was right in holding that its jurisdiction as a court of equity over the fund was broad enough to enable it to make the distribution the appellant intended, or at least consented, should be made when she obtained the release. As administratrix she has no standing whatever to complain of the distribution; as a distributee she has no just cause of complaint under the facts. So that, if this appeal were amended so as to make it an appeal in her individual right, she would be in no better position than she is.

The decree is affirmed and the appellant is directed to pay the costs.